This is an appeal from the circuit court's dismissal of an appeal from the probate court's order of condemnation and award of payment therefor. *Page 1210 
On August 24, 1978, Alabama Power Company, pursuant to Code 1975, § 18-1-1, et seq., made application to the probate court of Bibb County for an order of condemnation to provide rights of way for the construction of transmission lines. The property owners, including Appellant Donald Puckett, were served with personal notice of the action on August 31, 1978, and a hearing was held on November 10, 1978. Appellant indicated to the court that, because of his concern for the safety of his family, he would appeal any order of the court adverse to his property interests.
On November 27, 1978, the judge of the probate court signed the "Order" granting the Company's application and appointing three commissioners to appraise the land involved for compensation purposes (§ 18-1-15, et seq.). On that same day, the probate court signed a document designated as "Notice to Commissioners," which was also signed and dated by the three Commissioners. The clerk of the probate court, however, did not send the official letter advising each Commissioner of his or her appointment until December 8, 1978. Additionally, both the November 27 "Order" and "Notice to Commissioners," along with a December 12 "Report of the Commissioners" — assessing Appellant's damages at $12,500.00 — and a December 12 "Order" confirming the report of the Commissioners and condemning the land upon payment of the award, were not marked by the probate court as "FILED" until December 21, 1978.
On January 8, 1979, Appellant called the judge of the probate court, inquiring about the report of the Commissioners. Counsel for Appellant made another call the next day. In both instances, the callers were told that no report had been received from the Commissioners.
On January 22, 1979, counsel for Appellant received the December 12 "Order" of the probate court, and on January 27, 1979, Appellant filed an appeal with the Bibb County Circuit Court, pursuant to § 18-1-20. On April 26, 1979, Appellant filed a motion requesting the court to set aside the "Order" of December 12 confirming the report of the Commissioners and condemning his land. This petition was denied. On August 12, 1979, the Company filed a motion to dismiss the appeal, which motion was granted. Appellant brings an appeal from that order.
We affirm.
Once an order of condemnation is made, an appeal from that order may be filed pursuant to § 18-1-20:
 "Any of the parties may appeal from the order of condemnation to the circuit court of the county within 30 days after the making of the order of condemnation by filing in the court rendering the judgment a written notice of appeal, a copy of which shall be served on the opposite party or his attorney. . . ." (Emphasis supplied.)
The order from which Appellant could bring an appeal was the December 12 "Order." State v. Pettis, 275 Ala. 450,156 So.2d 137 (1963).[1] Appellant concedes that the filing of his appeal with the circuit court on January 27, 1979, failed to comply with the 30-day limitation of § 18-1-20 when measured against the December 12 date of the "Order." Appellant maintains, however, that because § 18-1-20, et seq., does not require that condemnees be notified by the probate court of the entry of the judgment of condemnation, § 12-13-12 should control. Section12-13-12 states:
 "The provisions of this Code in reference to . . . judgments and orders in the circuit court, so far as the same are appropriate, . . . in the absence of express provision to the contrary, are applicable to the proceedings in the probate court." *Page 1211 
The required procedure, says Appellant, is found at A.R.C.P. 77 (d), which provision mandates that a notice of the entry of judgment be served on "each party who is not in default for failure to appear, and who was not present in person or by his attorney, or not otherwise notified, when such order or judgment was rendered. . . ." Without that requisite notice, Appellant maintains, he falls within the statutory exception of A.R.C.P. 77 (d), which allows an extension of the time within which the appeal must be filed if the failure to file was due to "excusable neglect based on a failure of the party to learn of the entry of the judgment. . . ."
We hold, however, that A.R.C.P. 77 (d) is not applicable here. The scope of § 18-1-1, et seq., was intended to include the entire judicial process in condemnation cases. Indeed, inPostal Telegraph Cable Company v. Alabama Great SouthernRailroad Company, 92 Ala. 331, 9 So. 555 (1890), this Court held:
 "[Section 18-1-1, et seq.,] was intended to provide, and did provide, for a complete proceeding by which lands might be condemned to public uses, from the initiation thereof by application to the probate court of the county in which the land, or a material portion thereof, proposed to be condemned is situated, to a final determination, if need be, on appeal to this court." Postal Telegraph, 92 Ala. 331, at 331,332.
See, also, State v. Pettis, supra; Stanton v. Monroe County,261 Ala. 61, 72 So.2d 854 (1954).
The argument for non-use of the A.R.C.P. in condemnation cases is strengthened by the selective reference to the Rules in specifically limited portions of the condemnation law. If the A.R.C.P. were to be wholly and uniformly applied in condemnation cases, why would the Legislature have taken the time to make reference to specific A.R.C.P. provisions in only one of the condemnation statutes? (See § 18-1-8.)
Although the probate court was not required to provide express notice of the entry of judgment, we consider the circumstances of this case to be such as would provide notice of the status of the proceedings.
The entrance of the Commissioners upon Appellant's property "shortly before Christmas," and their survey of Appellant's land for appraisal purposes, clearly were indications to Appellant that an appealable order was imminent.
Furthermore, we note that, while there is no express provision for notification of parties to a condemnation action of the entry of judgment, the language of § 18-1-19 and § 18-1-20 is clear as to the time within which specific steps must be completed in the condemnation process (i.e., the Commissioners must make their report within 20 days of their appointment; the filing of an appeal from the order of condemnation must be made within 30 days of the entry of that order). The work of the Commissioners triggers the entry of an order confirming their ultimate report and condemning the subject property. It is not unreasonable, then, to hold that Appellant, in witnessing the survey of his land by the Commissioners, was aware that a judgment by the probate court was forthcoming and that he must file an appeal from that judgment in accordance with the statute.
Indeed, we note that both the Appellant and his lawyer in their telephone conversations with the probate court, did not ask whether a judgment had been entered in the case. Their questions were directed only to whether the Commissioners had made a report as to the value of Appellant's land. We find nothing in the record to indicate that either Appellant or his lawyer made any attempt to ascertain whether a judgment had ever been entered in this case and it is the entry of judgment, rather than the report of the Commissioners, from which an appeal is taken.
We note further that the law in Alabama is stringent (and, we believe, correctly so) when appellate procedure is at issue.
 "An appeal must be taken within the time and manner indicated by statute, . . .
". . . *Page 1212 
 "We need cite only a few of the many cases which hold in effect that the time prescribed by statute for taking an appeal is jurisdictional and an appeal not timely taken will be dismissed either on motion of appellee or ex mero motu. . . .
". . .
 "It is the duty of counsel for appellant to see that appeals are taken timely and that records pertaining to appeals are timely filed. . . .
 "[W]e entertain the view that the language hereafter quoted from the court's opinion in Hanley v. Hanley, [23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-1267], is in accord with the holding of this court, as well as that of most of the appellate courts of this country:
 "`In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . . even to relieve against mistake, inadvertence, accident, or misfortune. . . .'"
Meeks v. State Farm Mutual Automobile Ins. Co., 286 Ala. 513,514-515, 243 So.2d 27 (1970).
We hold, then, that the appeal was correctly dismissed and the order appealed from is due to be affirmed.
AFFIRMED.
All the Justices concur except ALMON, J., not sitting.
[1] Our reference to the final judgment (order of condemnation) as the December 12 "Order" is not to be construed as holding that December 12, rather than December 21 (the date on which the order was marked "FILED"), is the commencing date for measuring the time for taking the appeal. Because the notice of appeal was filed more than 30 days after December 21, we need not decide this issue. See, however, Ex Parte United StatesHoffman Machinery Co., 270 Ala. 337, 118 So.2d 914 (1960).