EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves the condemnation by the Alabama Power Company of a power line right-of-way consisting of a strip of the Bowens’ (owners’) land 100 feet in width, together with other rights and interests, including the right to clear and remove not only the timber within the right-of-way but also that timber which is growing outside of the right-of-way which would, in falling, come within five feet of the nearest of the power company’s wire lines to be located on the right-of-way. The latter timber privilege or interest shall be referred to as dangerous tree rights.
No contest here arises over any of the proceedings which occurred before the probate court’s judgment dated June 17, 1982. It approved the report of the commissioners awarding $3,800 to the owners as damages and compensation for their lands or their interest in lands condemned. That judgment further provided as follows:
“It is further ORDERED, ADJUDGED and DECREED by the Court that the rights, interests, ways and rights of way sought to be condemned in said application be and the same are condemned, granted and awarded to said applicant, Alabama Power Company, with the rights and for the uses and purposes set forth in said application and that all rights, title and interests prayed for in said application which are condemned, granted and awarded to the applicant be and the same are divested out of said defendants, the owners of, or the owners of an interest in, the lands described in Par. 1 of Article Fourth of said application and vested in- the applicant, such condemnation to be effective upon the payment of the damages and compensation so assessed and reported by said commissioners, or the deposit of the same in Court.”
On June 25, 1982, the probate court entered another judgment which recited that the power company had paid into court the damages and compensation assessed by the commissioners and that all things necessary and required by chapter 1 of title 18 of the Code of Alabama of 1975 had been done and performed by the power company. Therein, the probate court specifically granted to the power company the right to construct, operate and maintain towers, poles and wire lines across the lands, all timber on the right-of-way with the right to clear and remove it and dangerous tree rights.
The owners filed their notice of appeal to the circuit court on July 20, 1982. The *113 power company filed a motion to dismiss the appeal on the ground that it was untimely. That motion was denied by the circuit court, hence the power company’s application in this court for a writ of mandamus.
The primary question which is here presented is whether the time within which to file an appeal commenced running from the probate court’s judgment of June 17, 1982 or from its June 25, 1982 judgment. If June 17, the owners’ appeal was too late. If June 25, the appeal was timely.
In this type case, an appeal must be taken “within 30 days after the making of the order of condemnation”, as is provided by section 18-1-20 of the 1975 Code of Alabama, in order for the circuit court to acquire jurisdiction. If an appeal is not taken within such time, the appeal must be dismissed. Puckett v. Alabama Power Co., 412 So.2d 1209 (Ala.1982); State v. Pettis, 275 Ala. 450, 156 So.2d 137 (1963); Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954).
The June 17 judgment was the order of condemnation and was an appealable judgment. Puckett v. Alabama Power Co., supra; State v. Pettis, supra.
In Puckett there was a probate court order dated December 12 “confirming the report of the Commissioners and condemning the land upon payment of the award” and the supreme court held that an appeal had to be taken within thirty days from December 12. 412 So.2d at 1210.
Thus, the owners correctly admit that the probate court’s judgment of June 17, 1982, in itself, would have been an appealable judgment. However, they contend that the June 17 judgment was amended by the judgment of June 25 and that the appeal time started to run from the entry of the June 25 order. They argue that the June 25 judgment amended the judgment dated June 17 because the latest order specifically details the rights obtained by the power company and they place special emphasis upon the dangerous tree rights therein stated.
That argument is not tenable because the power company’s application for an order of condemnation expressly sought in detail every explicit right which was set forth in the June 25 judgment, and those same interests and privileges had already been granted through the June 17 order of condemnation. In that first order the power company was granted the identical rights sought to be condemned by the application for condemnation. The definite language in that regard which was contained in the June 25 judgment neither added to nor detracted from any right, title, privilege, interest, claim or use that had been previously condemned, granted and awarded to the power company by the June 17 judgment.
In State v. Pettis, supra, it was held that the appealable judgment in a condemnation case was the order of condemnation which is issued upon the report of the commissioners (in the present case this would be the June 17 judgment) and not the subsequent order made upon the payment of compensation and damages into court by the con-demnor even if the last judgment concludes by again condemning the lands in question (in the instant matter, the June 25 judgment). The first order in that case was entered on November 28 and it condemned the lands and approved the commissioner’s report. On January 4, the subsequent order was filed as to the distribution of award, which had been paid into the probate court, and it again condemned the property. The appeal was taken on January 5. The supreme court determined that the appeal should have been taken within thirty days from November 28 and, since the appeal was not instituted within that time, the circuit court correctly dismissed the attempted appeal.
Here, we have no alternative but to hold that the appeal should have been taken within thirty days from June 17, 1982 and that the learned circuit judge should have dismissed the owners’ appeal.
A writ of mandamus shall issue to the circuit judge unless, within fourteen days *114 from this date, judgment is entered dismissing the appeal of the owners to the circuit court from the probate court, such appeal being styled in the circuit court as Alabama Power Company v. Bobby Bowen and Jo Ann Bowen and being case number CV-82-217 in that court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
WRIT OF MANDAMUS CONDITIONALLY GRANTED.
All the Judges concur.