Peter J. Palughi and Leo Gene Bennett petition this Court for a writ of mandamus directing the Circuit Court of Mobile County to set aside its order of January 28, 1986, wherein that court ordered a separate trial for all counterclaims and third-party claims, separating them from the consolidated condemnation actions pending before the circuit court.
 THE FACTS
The City of Mobile, Alabama, under the authority of Alabama's urban renewal statute (Code 1975, §§ 24-3-1, et seq.), adopted a redevelopment plan for Fort Conde Village, a historic area of Mobile. The City, in furtherance of the redevelopment of Fort Conde Village, filed a condemnation action in the Probate Court of Mobile County. During the lengthy hearing in probate court, Petitioners (two of the Fort Conde property owners) made allegations of fraud, bad faith, and corruption on the part of City officials, former City officials, and others working on the Fort Conde Village project, and offered evidence in support of their claims. The probate court, however, rejected Petitioners' argument and entered condemnation orders against Petitioners' properties.
Petitioners appealed the judgments of the probate court to the Mobile Circuit Court for a consolidated de novo trial. Petitioners also amended their answers, filed counterclaims alleging fraud, bad faith, and corruption, and filed third-party complaints against three former City commissioners and an individual who had been involved in the promotion and development of Fort Conde Village. The City filed a motion in objection to Petitioners' counterclaims and third-party complaints, and arguments were heard by the circuit court. The court treated the City's motion as one for separation of Petitioners' claims and ordered these claims separated from the condemnation action for separate trial, because "the trial of said counterclaims and third-party complaints with the condemnation actions filed by [the City] against [Petitioners] would unduly complicate the trial of said condemnation actions." Rule 42, A.R.Civ.P.
 THE ISSUE
The sole issue to be decided here is whether the circuit court's separation for trial of Petitioners' counterclaims and third-party complaints was proper under Rules 13 and 14 of the Alabama Rules of Civil Procedure. We find that it was not; accordingly, we grant the writ.
The trial court, in its order, and the parties, in motions before the trial court and in briefs to this Court, use interchangeably the terms "sever" and "separate for trial." The distinction between these terms, however, is crucial; and, yet, the terms are consistently misused by both bench and bar in Alabama. It is appropriate here, then, to reaffirm the particularly succinct statements of Justice Bloodworth in Keyv. Robert M. Duke Insurance Agency, 340 So.2d 781 (Ala. 1976):
 "Although the Committee Comments to the Alabama Rules of Civil Procedure *Page 406 
do not always honor the distinction between `separate trial' and `severance,' the distinction exists and is significant. See Committee Comments, Rules 18 and 42, ARCP. The distinction is recognized in Rule 14 (a), ARCP, which provides `Any party may move to strike the third-party claim, or for its severance or separate trial.' (Emphasis supplied in Key.) The distinction is also recognized by leading treatises on civil procedure. Wright and Miller state:
 "`Rule 42 (b) allows the court to order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims or issues. The court may do so in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. The procedure authorized by Rule 42 (b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of "separate trial" and "severance" interchangeably.' (Footnotes omitted.)
"Federal Practice and Procedure: Civil § 2387 (1971).
"We agree with Lyons:
 "`First, a distinction must be drawn between the separate trial provided by Rule 42 (b) and the severance contemplated by Rule 21, Misjoinder and Nonjoinder of Parties. Severed claims become entirely independent actions with judgment entered independently while separate trials can lead to one judgment. See Wright Miller, Federal Practice and Procedure, § 2387 (1971). Rule 14, Third Party Practice, speaks of the power of severance or separate trials and in Central of Georgia Ry. v. Riegel Textile Corp., 426 F.2d 935, 8 A.L.R.Fed. 701 (5th Cir. 1970), the severance of a third-party claim was described as "judicial surgery" creating, in effect, an "original action".'
"2 Alabama Practice § 42.3 (1973).
 "As these authorities state, separate trials of different claims in a single action under Rule 42 (b) usually result in a single judgment. . . .
 ". . . We do not wish to be understood as holding that the label `severance' is always determinative. The substance of the court's action, not its form, controls." 340 So.2d at 783.
Here, the trial court exercised its discretion in ordering the separation of Petitioners' claims; therefore, Petitioners, by their petition for writ of mandamus, correctly initiated this Court's review in determining whether the circuit court abused its discretion in separating Petitioners' claims for trial. See Ex parte Duncan Construction Co., 460 So.2d 852, 853
(Ala. 1984). Further, we find that both in the instant case and in Duncan, supra, the substance of the trial court's order was to separate issues for separate trials in order to avoid the complexity of multiple issues, and not to sever claims and thereby create independent actions.
The facts of the instant case bring it squarely within our holding in Duncan, supra. There, we held the trial court's finding, that without separating the third-party claims "`the case will be unduly complicated and very difficult for the jury to comprehend,'" was unsupported by facts, either in the trial court's order or in the record. We went on to hold:
 "[A] finding of complexity alone does not automoatically entitle a party to the severance of third-party claims. `The intent of the rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be.' Lasa per L'Industria del Marmo Soc. per Azioni v. Alexander, 414 F.2d 143, 147 (6th Cir. 1969)." 460 So.2d at 854.
Here, as was the case in Duncan, we are faced with an order in which the trial court separated Petitioners' counterclaims and *Page 407 
third-party claims on the ground that "the trial of said counterclaims and third-party complaints with the condemnation actions filed by [the City] against the [Petitioners] would unduly complicate the trial of said condemnation actions." The trial court's order does not set out a factual basis for the finding of "undue complexity," nor do we find such a factual basis in the record before us. The mere fact that the probate court proceeding was lengthy does not, of itself, indicate complexity of the evidence presented at that proceeding.
There is, on the other hand, sufficient basis to find that separation of these claims is not proper here. Procedurally speaking, Petitioners' claims are entirely valid under the requirements of Rules 13 and 14, A.R.Civ.P. Further, to allow these claims to be separated from the pending condemnation actions not only would defeat the purpose of the Rules — the speedy disposition of cases and the avoidance of multiple suits — but also could endanger Petitioners' rights to litigate these issues at a later time.
Respondents also rely on the trial court's supplemental order, which contains further factual data, as support for their contention that, if the right to condemn is tried with the Petitioners' counterclaims and third-party claims, the jury will be unfairly prejudiced in determining a fair market value for the land, if condemned. This argument is unpersuasive.
As stated earlier, the trial of the counterclaims and third-party claims is a logical part of the trial of the issue of condemnation (i.e., the right to condemn), and separating these issues would result in a variety of negative results. Further, Respondents' fear of the possible prejudice to the jury's determination of fair market value is certainly not enough to compel the separation prayed for in light of the possibility that the right to condemn may be denied. If the right to condemn were to be granted by the judge, however, and if the trial court were to find that the testimony already heard would be inadmissible and thus prejudicial to the jury's determination of the property's fair market value, the court may order a separate trial with a separate jury to hear and decide the single issue of fair market value.
Respondents strenuously argue that "since condemnation proceedings are governed by [Code 1975, §§ 18-1-1, et seq., `Condemnation of Lands for Public Uses'], the Alabama Rules of Civil Procedure relating to counterclaims and third-party complaints do not apply to such actions," and they say, "The entire judicial process in condemnation cases is included in §18-1-1, et seq., and said Code sections do not make any provision for the filing in condemnation actions of third-party complaints or counterclaims." In support of their argument, Respondents cite the case of Puckett v. Alabama Power Co.,412 So.2d 1209 (Ala. 1982). There the issue involved notice of the making of an order in the probate court and the timeliness of an appeal from that order. Appeals from condemnation orders made in probate court are filed pursuant to § 18-1-20, but the appellant in Puckett argued that Rule 77 (d), A.R.Civ.P., controlled because Rule 77 (d) provided an extension for filing an appeal when a party to an action does not receive notice of the entry of a judgment in the action. This Court, however, held:
 "[Rule] 77 (d) is not applicable here. The scope of § 18-1-1, et seq., was intended to include the entire judicial process in condemnation cases." 412 So.2d at 1211.
We do not argue with the outcome in Puckett. Clearly, the facts in Puckett kept the issues of that case within the purview of the applicable portion of the condemnation statute (§ 18-1-20), which specifically sets out the time within which a probate court's condemnation order may be appealed to the circuit court. This thirty-day limitation is jurisdictional and is in derogation of any other provision which might arguably be applicable (e.g., Rule 77 (d), A.R.Civ.P.). The holding inPuckett, however, is limited to this narrow issue.
Respondents place great emphasis on the following language from Puckett:
 "The argument for non-use of the [A.R.Civ.P.] in condemnation cases is *Page 408 
strengthened by the selective reference to the Rules in specifically limited portions of the condemnation law. If the [A.R.Civ.P.] were to be wholly and uniformly applied in condemnation cases, why would the Legislature have taken the time to make reference to specific [A.R.Civ.P.] provisions in only one of the condemnation statutes? (See § 18-1-8.)" 412 So.2d at 1211.
Respondents argue that this language, read in conjunction with the referenced portion of § 18-1-8 ("If any of the owners or other parties be infants or persons of unsound mind and reside in this state, notice must be served on them in the manner provided in the Alabama Rules of Civil Procedure for service on infants and persons of unsound mind"), precludes any application of the Rules of Civil Procedure in condemnation cases, even when the case becomes a circuit court action on appeal. This interpretation is unsound for several reasons.
First, the legislature's inclusion in § 18-1-8 of the notice required by Rule 4, A.R.Civ.P., for "infants and persons of unsound mind" is a matter of safeguarding the interests of infants and incompetents in a condemnation proceeding in theprobate court, where the Rules do not normally apply. Without the reference to the notice provision of Rule 4, there is no mandate for such notice and, thus, no protection of these helpless persons involved in condemnation actions in the probate court.
Second, as a matter of ordinary statutory interpretation, the inclusion in § 18-1-8 of the notice requirements of the Rules simply causes this poriton of the Rules to apply in a probate court proceeding. This inclusion has no relation to, nor does it in any way limit or exclude, the application of the Rules to the de novo condemnation trial in circuit court. Nowhere does § 18-1-8 (or any other section of the condemnation statute) affirmatively preempt the application of the Rules in an appeal of a condemnation action to circuit court; and such exclusion cannot be inferred from the reference made to Rule 4 in § 18-1-8.
Finally, the appeal to circuit court of a probate court's order in a condemnation proceeding yields a de novo action. Alabama cases have consistently held that a trial de novo means an entirely new trial, "as if no trial had ever been had, and just as if it had originated in the circuit court." CloverleafLand Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964); Thompsonv. City of Birmingham, 217 Ala. 491, 117 So. 406 (1928);Louisville N.R.R. Co. v. Lancaster, 121 Ala. 471, 25 So. 733
(1898). Because the condemnation statute does not affirmatively preempt the application of the Rules of Civil Procedure in thede novo circuit court proceedings, the Rules are fully applicable once the condemnation proceeding has been removed from the probate court to the circuit court. The Rules of Civil Procedure govern all civil actions in the circuit courts of Alabama. If we were to accept Respondents' interpretation that the condemnation statute preempts the application of the Rules in the circuit court's de novo trial, we would not only contravene the purpose of the Rules as a whole, but we would be leaving both the circuit court and the parties before it in a condemnation proceeding without procedural guidance for the trial.[1]
Analogous to the situation now before us is the nonapplication of the Rules of Civil Procedure to proceedings in the district court unless specifically made applicable by the provisions of a particular Rule. When, however, a district court judgment is appealed for de novo trial in the circuit court, the Rules come into play and the proceeding is then governed by every applicable Rule. Once on appeal to the circuit court, every matter cognizable under the Rules is entertained and treated as any other civil matter originally brought in circuit court. (It should be noted, of course, that the application of the Rules does not permit an *Page 409 
amendment increasing the claim for damages in circuit court over the jurisdictional limit allowed in district court. Harperv. Regency Development Co., 399 So.2d 248 (Ala. 1981)).
In light of the foregoing, we hold that, when Petitioners appealed to the circuit court for trials de novo, they initiated new and different actions in that court. After their cases had been given circuit court docket numbers and had been consolidated for trial, Petitioners filed, in that new proceeding, counterclaims and third-party complaints, and those claims were clearly governed by the Rules of Civil Procedure. Consequently, we hold that the trial court's separation of Petitioners' counterclaims and third-party complaints from the condemnation action was a clear abuse of its discretion and was impermissible under Rules 13 and 14, A.R.Civ.P.
WRIT GRANTED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
ON APPLICATION FOR REHEARING
JONES, Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
[1] While it is not applicable to the instant proceeding, we note with interest a portion of the recently adopted Uniform Eminent Domain Code: "The procedure for condemnation of property under the power of eminent domain is governed by the Alabama Rules of Civil Procedure except as otherwise provided in this chapter. The procedure in the probate courts shall be as provided in this chapter." Code 1975, § 18-1A-70 (Acts 1985, No. 85-548, § 401).