HOLMES, Judge.
This is a condemnation case.
Charles and Shirley Tanner appeal from an order of the circuit court which dismissed as untimely their appeal from the probate court’s order of condemnation.
On March 14, 1984, Alabama Power company filed an application for an order of condemnation. The probate court appointed the requisite commissioners to assess the damages based upon such condemnation. On May 8, 1984, the commissioners issued their report, assessing damages to the Tanners’ land. Also on May 8, 1984, the probate court issued an order, confirming the commissioners’ report and condemning the land. Subsequently, on May 22, 1984, the probate court issued an order, confirming payment of compensation and damages into the probate court by Alabama Power Company.
The Tanners filed an appeal from the condemnation order on June 19, 1984, in the circuit court. Alabama Power Company filed a motion to dismiss on December 10, 1984, which was ultimately granted in August 1988.
The dispositive issue on appeal is whether the time within which to perfect an appeal from the condemnation order commenced running from the probate court’s order of May 8th, or from its May 22nd order.
The Tanners assert that it has become the “custom and practice” of the probate court of Jefferson County to mail a postcard to all parties involved in a condemnation proceeding to inform them of its entry of a final order of condemnation. As a result of a “mistake,” the postcard which the Tanners received on May 22nd stated that the order of condemnation was entered on “May 22nd,” instead of the correct date, May 8th. In their brief the Tanners candidly admit that their appeal was filed after thirty days had elapsed from the May 8th order of condemnation.
The Tanners argue that Ala.Code (1975), § 12-13-12 (1986 Repl.Vol.), read in conjunction with §§ 18-1-1 through -32, Ala. Code (1975) (1984 Repl.Vol.), makes the Alabama Rules of Civil Procedure applicable to condemnation proceedings and thus that Rule 77(d), A.R.Civ.P., provides them with relief from the stringent thirty-day time limit for appeals from the probate court’s order of condemnation.
Appeals from an order of condemnation, under § 18-1-20, Ala.Code (1975), must be taken “within 30 days after the making of the order of condemnation,” in order for the circuit court to acquire jurisdiction. See Housing Authority of Decatur v. McRae, 421 So.2d 133 (Ala.Civ.App.1982). Should a notice of appeal be filed after thirty days has elapsed, the appeal must be dismissed. Ex parte Alabama Power Co., 435 So.2d 111 (Ala.Civ.App.1983).
In light of Puckett v. Alabama Power Co., 412 So.2d 1209 (Ala.1982), we can find no merit in the Tanners’ assertion that Rule 77(d), A.R.Civ.P., applies in this case. In fact, the supreme court expressly rejected this argument, stating: “[w]e hold ... that A.R.C.P. 77(d) is not applicable [to condemnation proceedings in probate court]. The scope of § 18-1-1, et seq., was intended to include the entire judicial process in condemnation cases.” Puckett, 412 So.2d at 1211.
Here, the order of condemnation was filed by the probate court on May 8th. This was the appealable order that commenced the Tanners’ statutory time to seek appeal to the circuit court. See Puckett, 412 So.2d at 1209.
Since the Tanners’ appeal was filed after the required thirty-day time period, their appeal was properly dismissed by the circuit court as untimely.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J„ concur.