We granted certiorari in this condemnation case to decide whether Puckett v. Alabama Power Co., 412 So.2d 1209 (Ala. 1982) (as limited by Ex parte Palughi, 494 So.2d 404 (Ala. 1986)), which is otherwise controlling, should be overruled.Puckett held that Ala. Code 1975, §§ 18-1-1 through 18-1-32 (1984 Repl.Vol.), is the "entire judicial process" in condemnation cases and that Rule 77(d), A.R.Civ.P., cannot be applied to extend the time for appeal from probate court to circuit court. We find that the Court of Civil Appeals' treatment of the holding in Puckett, supra, is correct; however, under the facts of this case and for the reasons set out below, we find it necessary to reverse that court's judgment.
Pursuant to an application for order of condemnation filed by Alabama Power Company in the Probate Court of Jefferson County, that court issued an order on May 8, 1984, confirming the report of the commissioners and condemning the Tanners' property. On May 22, 1984, the probate court issued a "payment of award and order of condemnation" and sent the Tanners a postcard incorrectly notifying them that the court's order of condemnation was May 22, rather than May 8. Relying on that notification, the Tanners filed their appeal with Jefferson County Circuit Court on June 19, 1984. The circuit court dismissed their appeal as untimely, and the Court of Civil Appeals affirmed. 553 So.2d 596.
The Court of Civil Appeals held that May 8 was the correct date of the order of condemnation and that, underPuckett, supra, Rule 77(d) could not be used to relieve the Tanners of their dismissal. We agree that May 8 was the date from which the time to appeal began running and that Code §18-1-1 et seq., controls condemnation cases in probate court, to the exclusion of the rules of civil procedure. Alabama Rules of Civil Procedure do apply in circuit *Page 599 
court in a trial de novo. See Ex parte Palughi, supra.
However, to deny the Tanners the right to appeal because of the probate court's erroneous notification would cause an inequitable result. Our recent decision in Ex parte StateDepartment of Human Resources, 548 So.2d 176 (Ala. 1988), supports this conclusion, as does Ex parte Four Seasons, Ltd.,450 So.2d 110 (Ala. 1984). In both cases, the petitioners, relying on an erroneous notice sent to them, filed their appeals beyond the required 30 — day period. In Ex parte StateDepartment of Human Resources, applying the doctrine of equitable estoppel and relying on Ex parte Four Seasons, we refused to permit the State Department of Human Resources to rely on its own error in order to deny the petitioner an appeal.
Even more closely akin to the present case, Ex parte FourSeasons involved an incorrect notice sent by the tax assessor regarding the date of a decision by the board of equalization; the petitioner relied on the incorrect date in filing its appeal. Regarding the issue of notice, we stated:
 "Although not required to do so, the secretary of the board did notify the appellants' attorney that the board had 'this date' concluded its review. If the secretary had remained silent, the burden would have rested on the appellants to discover the time limits for filing an appeal."
Ex parte Four Seasons, 450 So.2d at 112 (emphasis original).
While we recognize that we are imputing the action of the probate court to the condemnor in this case, we took a similar approach in Ex parte Four Seasons when we attributed the actions of the tax assessor to the board of equalization. Although the probate court was not required to send the Tanners notice, once it did, they were entitled to rely on the date assigned to the condemnation order.
Therefore, the judgment of the Court of Civil Appeals is reversed, and the case is remanded to that court with instructions to consider the merits of the appeal.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.