[1] This petition for the writ of mandamus involves six cases in the Colbert Circuit Court. Those cases are: State v. CharlesDonald Reynolds et al. (CV-02-416); State v. Clare Amend etal. (CV-02-417); State v. William Conley and Bill Thompson,Revenue Commissioner (CV-02-428); State v. Stephen McAlister etal. (CV-02-429); State v. Margaret St. Clair f/k/a MargaretDietz and Bill Thompson, Revenue Commissioner (CV-02-432); andState v. Bennie Duczyminski et al. (CV-02-433).
The State of Alabama ("the State") petitions for a writ of mandamus ordering the Circuit Court of Colbert County to vacate its order in six condemnation actions pending before it; the order realigns certain parcels and parties in those condemnation actions.
The facts presented in the petition for mandamus are as follows. The State filed petitions in the Probate Court of Colbert County seeking to condemn five tracts of land located within the Detroit Park subdivision in the City of Muscle Shoals. As originally filed, each of those five cases sought to condemn tracts that had common ownership. The State filed a sixth petition seeking to condemn two tracts with separate owners. The probate court entered an order condemning the land and awarding compensation to the owners. After the probate court entered its judgment, the State appealed each condemnation award to the Circuit Court of Colbert County for a trial de novo. After the appeals were filed, but before the cases were tried, the owners of the tracts ("the defendants") filed motions to have the tracts and the defendants realigned so that, regardless of the ownership of the tracts as designated in the six separate actions by the State in the probate court, each case would contain all of the condemned lots in a separately platted "block" of the subdivision. Neither the State's petition to this Court nor the answer of the respondents sets out or describes with any other detail the motions filed by the defendants. The trial court granted the defendants' motions to realign the tracts and the defendants.
The State filed its "Objection to Consolidation Order Dated January 17," asserting the following:
 "Comes now the State of Alabama and objects to the Order of Consolidation entered in the above style[d] cases on January 17, 2003 and request[s] that the cases be re-aligned as originally filed and tried in the Probate Court based on ownership or that each parcel be tried separately. For grounds of said motion the State assigns the following:
 "1. Under Alabama Eminent Domain Law each parcel should be valued as if it was being sold as a single parcel. The joinder contemplated by the order of the court create[s] larger parcels than in fact exist. This joinder therefore confuses the value.
 "2. The joinder . . . contemplated by the order of the court makes it impossible *Page 850 
for the State to try each parcel free of the terms of the sale of the other tracts as required by section 18-1A-197(1), Code of 1975.
 "3. The joinder set out in the order may require separate trials for each owner's tract of land. Since the joinder creates new actions with more than one different owner each owner has the right to demand a separate trial under section 18-1A-73(b), Code of 1975.
 "4. The joinder contemplated by the order of January 17, 2003 will make it more difficult to determine the cash market value of each parcel since appraisers regularly use different values depending in part on the size of the tracts. The size of a tract being an important factor in determining the value.
 "5. The division of the cases as originally filed and tried in the Probate Court and the Order of Consolidation of the various parcels into new cases will require substantial revision of appraisal work[,] increasing the costs to the State and presumably the defendants, if they have already obtained appraisal work.
 "6. The State has already paid into the Court awards made in the Probate Court. The Probate Court awards were based on the original alignment by property owner and it will be impossible or difficult to match the existing probate awards to the new Circuit Court files and case numbers.
 "7. The costs of trial preparation will be substantially increased if the order of January 17, 2003 remains because the appraisal work has been performed by appraisers on the basis of the tracts as they were set out in the probate court and appealed to the Circuit Court.
 "8. The re-alignment of parcels contemplated by the order dated January 17, 2003 will create confusion as to the value of the tracts by attempting to combine tracts that are due to be valued by the court as smaller tracts owned by separate defendants.
 "The State prays that the order of January 17, 2003 be recended [sic] and cases tried as originally filed or in the alternative that a separate trial be had for each parcel."
Subsection 18-1A-73(b), Ala. Code 1975, cited by the State in its objection, reads:
 "(b) If there are several distinct tracts of land owned, claimed or held by different persons embraced in the complaint, the owners of each tract or other party interested therein may have a separate hearing as to the right to condemn their lands, and the probate court may, if it finds that the application should be granted as to some and not as to other of the owners or other parties, make and enter its decree accordingly."
The trial court overruled the objection, stating, in pertinent part:
 "The State of Alabama objects to the Court's order of January 17, 2003, consolidating this case and parties with others because of common questions of law or fact and to avoid unnecessary costs or delay in furtherance of convenience and to avoid prejudice.
 "In this case and in other cases pending in this Court, the State condemned property for highway purposes in the City of Muscle Shoals, Colbert County. Muscle Shoals is a uniquely established city in that most of the city consists of subdivisions platted in the 1920's with small 20- and 30-foot lots and geographically scattered owners. The State in various cases filed in the Probate Court condemned many of these lots and did not arrange the lots and ownerships in a manner conducive to expeditious, economical or convenient jury trial and handling in this Circuit Court to which the *Page 851 
State has appealed from the findings in the Probate Court. By the Court's order of January 17, 2003 lots and parties were consolidated and separated into coherent parcels (subdivision blocks) rather than scattered lots and ownerships.
 "The State contends in the present objection that this Court is bound to follow the format used by the State in the Probate Court and that this Court does not have the discretion under the Alabama Rules of Civil Procedure ([Ala. R. Civ.P.]) to consolidate and separate cases and parties.
"Therefore, the Court finds and orders as follows:
 "(1). This is a de novo action in this Court ([§] 18-1A-283) meaning entirely new trial, as if no trial had ever been had and just as if it originated in this Court.
 "(2). The [Ala. R. Civ. P.] apply ([§] 18-1A-70). Also, see Ex parte Palughi, 494 So.2d 404 (1986) for discussion.
 "(3). Common questions of law or fact are present in these cases, parties and property and this consolidation avoids necessary [sic] costs, delay or prejudice and furthers convenience in the jury trial of these cases in this Court.
 "(4). The State's objection to the Court's order of January 17, 2003 is DENIED."
Rule 21(a), Ala. R.App. P., provides that a petition for a writ of mandamus "shall contain," among other things, "a statement of issues presented and of the relief sought." Under the section of its petition captioned "Issues Presented," the State phrases its sole issue as follows:
 "Upon appeal of a condemnation award from probate court to circuit court for trial de novo, do specific provisions of the Alabama Eminent Domain Code (AEDC) dominate general provisions of the Alabama Rules of Civil Procedure? In particular, does AEDC § 18-1A-73(a) allow only the plaintiff to join tracts regardless of the joinder and consolidation provisions of [Ala.]R.Civ.P.?"
Under the heading "Reasons Writ Should Issue," the State asserts:
 "The State contends (A) it has a clear legal right under AEDC § 18-1A-73(a) for the order sought; (B) there is an imperative duty upon the trial court to perform, accompanied by a refusal to do so; (C) appeal is not an adequate remedy; and (D) this Court's jurisdiction has been invoked properly."
Thus, in its petition, the sole Code section the State references is § 18-1A-73(a). In objecting to the "consolidation" before the trial court, however, the State referenced only subsection (b) of that Code section, along with § 18-1A-197(1), which reads:
 "Notwithstanding the provisions of Sections 18-1A-192
to 18-1A-196(5), the following factors are not admissible as a basis for an opinion as to the value of property:
 "(1) The price or other terms and circumstances of an acquisition of comparable property, where that property was or could have been acquired in that transaction under the power of eminent domain. . . ."
As noted, the State in its petition for the writ of mandamus relies on § 18-1A-73(a) "in particular," without referring to subsection (b) in the statement of the issues presented or the statement of the reasons the writ of mandamus should issue. This Court will not reverse an order duly entered by a trial court, or issue a writ of mandamus commanding a trial judge to rescind an order, based upon a ground asserted in the petition for the writ of mandamus that was not asserted to the *Page 852 
trial judge, regardless of the merits of a petitioner's position in the underlying controversy. Ex parte Ebbers, 871 So.2d 776,786 (Ala. 2003) ("In determining, on mandamus review, whether the trial court exceeded the limits of its discretion, `the appellate courts will not reverse the trial court on an issue or contention not presented to the trial court for its consideration in making its ruling.' Ex parte Wiginton, 743 So.2d 1071, 1073 (Ala. 1999)."). The respondents (Circuit Judge Harold V. Houston, Jr., Circuit Judge Jacqueline M. Hatcher, and the defendants) have answered, stating the following grounds for denying the State's petition for the writ of mandamus:
 "1. The petition for writ of mandamus should be denied.
 "2. Petitioner has not stated facts and law which support its request.
 "3. Alabama law does not require a circuit court to be bound by a pleading format used in a condemnation case in the probate court and appealed to the circuit court for a trial de novo.
"4. The petition is not timely filed."
Although the parties briefed various issues, the strictures surrounding the issuance of the extraordinary writ of mandamus are such that we cannot ignore the fact that the State referenced subsection (b) before the trial court, but refers us only to subsection (a) in its "Issues Presented" and "Reasons Writ Should Issue."
Moreover, this Court had the following to say in Ex partePalughi, 494 So.2d 404, 407-08 (Ala. 1986):
 "Respondents strenuously argue that `since condemnation proceedings are governed by [Code 1975, §§ 18-1-1, et seq., "Condemnation of Lands for Public Uses"],[2] the Alabama Rules of Civil Procedure relating to counterclaims and third-party complaints do not apply to such actions,' and they say, `The entire judicial process in condemnation cases is included in § 18-1-1, et seq., and said Code sections do not make any provision for the filing in condemnation actions of third-party complaints or counterclaims.' In support of their argument, Respondents cite the case of Puckett v. Alabama Power Co., 412 So.2d 1209 (Ala. 1982). There the issue involved notice of the making of an order in the probate court and the timeliness of an appeal from that order. Appeals from condemnation orders made in probate court are filed pursuant to § 18-1-20, but the appellant in Puckett argued that Rule 77(d), [Ala.]R.Civ.P., controlled because Rule 77(d) provided an extension for filing an appeal when a party to an action does not receive notice of the entry of a judgment in the action. This Court, however, held:
 "`[Rule] 77(d) is not applicable here. The scope of § 18-1-1, et seq., was intended to include the entire judicial process in condemnation cases.' 412 So.2d at 1211.
 "We do not argue with the outcome in Puckett.
Clearly, the facts in Puckett kept the issues of that case within the purview of the applicable portion of the condemnation statute (§ 18-1-20), which specifically sets out the time within which a probate court's condemnation order may be appealed to the circuit court. This thirty-day limitation is jurisdictional and is in derogation of any other provision which might arguably be applicable (e.g., Rule 77(d), [Ala.] R.Civ. *Page 853 
P.). The holding in Puckett, however, is limited to this narrow issue.
". . . .
 "Finally, the appeal to circuit court of a probate court's order in a condemnation proceeding yields a de novo action. Alabama cases have consistently held that a trial de novo means an entirely new trial, `as if no trial had ever been had, and just as if it had originated in the circuit court.' Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964); Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406 (1928); Louisville N.R.R. Co. v. Lancaster, 121 Ala. 471, 25 So. 733
(1898). Because the condemnation statute does not affirmatively preempt the application of the Rules of Civil Procedure in the de novo circuit court proceedings, the Rules are fully applicable once the condemnation proceeding has been removed from the probate court to the circuit court. The Rules of Civil Procedure govern all civil actions in the circuit courts of Alabama. If we were to accept Respondents' interpretation that the condemnation statute preempts the application of the Rules in the circuit court's de novo trial, we would not only contravene the purpose of the Rules as a whole, but we would be leaving both the circuit court and the parties before it in a condemnation proceeding without procedural guidance for the trial.¹
 "¹While it is not applicable to the instant proceeding, we note with interest a portion of the recently adopted Uniform Eminent Domain Code: `The procedure for condemnation of property under the power of eminent domain is governed by the Alabama Rules of Civil Procedure except as otherwise provided in this chapter. The procedure in the probate courts shall be as provided in this chapter.' Code 1975, § 18-1A-70 (Acts 1985, No. 85-548, § 401)."
The current version of the "Alabama Eminent Domain Code" was enacted in 1985 and is codified at § 18-1A-1 et seq., Ala. Code 1975 ("the AEDC"); it is applicable to the present case. Section18-1A-70 of the AEDC provides, as noted in footnote 1 inPalughi, that the procedure in a case such as the present one "is governed by the Alabama Rules of Civil Procedure except as otherwise provided in this chapter. The procedure in the probate court shall be as provided in this chapter." The State acknowledges in its petition that "it appears the [Ala.]R.Civ.P. did govern appeals under the former law, particularly in view of the statement in Palughi that the statute did not `affirmatively preempt' the [Ala.]R.Civ.P."
The State attempts to distinguish Palughi based on the fact that the AEDC, which became effective January 1, 1986 (see §18-1A-311), contains the following provisions not present in the "condemnation statute" in effect at the time Palughi was decided: Section 18-1A-2(a) states that "[t]his chapter provides standards for . . . the conduct of condemnation actions," and subsection (b) states that "[i]n the event of conflict between this chapter and any other law with respect to any subject governed by this chapter, this chapter prevails." The State makes the following assertion: "Section 18-1A-191 says `this article' supplements other rules of evidence." However, § 18-1A-191, dealing specifically with the jury's viewing of the property sought to be condemned, says no such thing. The section the State apparently meant to cite is § 18-1A-190(a), which states: "Actions under this chapter are governed by the rules of evidence applicable in other civil actions and as supplemented by this article."
Section 18-1A-277 of the AEDC provides: "The hearing provided for in this *Page 854 
chapter must in all respects be conducted and evidence taken as in civil cases at law, except as otherwise provided in this chapter." Section 18-1A-310 states: "Insofar as the provisions of this chapter are inconsistent with the provisions of any other law, general or special, the provisions of this chapter shall be controlling."
As we see it, the Alabama Rules of Civil Procedure govern the procedural aspects of the cases involved in this appeal "except as otherwise provided" in the AEDC, and the hearings conducted in this case must in all respects be conducted and evidence taken as in civil actions, except as otherwise provided in the AEDC. The AEDC is controlling over "any other law, general or special" that is inconsistent with the provisions of the AEDC. Circuit judges have broad powers under the Alabama Rules of Civil Procedure to order joint hearings or trials of any or all matters in actions involving a common question of law, to order actions consolidated, to order separate trials of any claim, and to sever and proceed separately with any claim. See Rules 20, 21, and 42, Ala. R. Civ. P. In their brief in support of their answer, the respondents argue that the circuit court, by its order, "sought to separate or sever and consolidate condemnation claims for lots in order to provide an orderly compatible parcel, a subdivision block, as a separate case. Separate judgments would be entered in the circuit court for each owner of lots in a block." Given the de novo status of proceedings in the circuit court following the appeal of a condemnation action decided in probate court, we do not believe that § 18-1A-73(a), even if it were properly before us for consideration, would block application of the Alabama Rules of Civil Procedure. That section of the AEDC addressing joinder by the condemning plaintiff of several tracts in the same complaint, necessarily refers to the complaint filed in probate court, where all such actions must be initiated. § 18-1A-71, Ala. Code 1975. A restructuring of condemnation claims initially decided in the probate court without a jury, but now subject to all of the special procedural, evidentiary, and managerial problems attending a jury trial in the circuit court, is not inconsistent with § 18-1A-73(a).
The petition is denied.
PETITION DENIED.
SEE, BROWN, WOODALL, and STUART, JJ., concur.
[2] Effective January 1, 1986, Chapter 1 of Title 18, entitled "Condemnation of Lands for Public Uses," was repealed and replaced with Chapter 1A, "Alabama Eminent Domain Code."