LYONS, Justice
(concurring in part and dissenting in part).
I concur in Part III, holding that Bout-well’s appeal was untimely under § 18-1A-283.
I dissent from Part IV, which holds that Boutwell’s appeal should be reinstated based on principles of equitable estoppel. On September 8, 2006, I concurred in the opinion authored by then Chief Justice Drayton Nabers, Jr., holding that the doctrine of equitable estoppel could not operate to excuse Boutwell’s failure to file a timely appeal. I adhere to the views expressed in that original opinion and, rather than attempt to restate them, I quote Part IV from the original opinion.
“IV. Equitable Estoppel
“Boutwell asserts that even if we reject' the Court of Civil Appeals’ statutory analysis and conclude that his appeal is untimely, we should nevertheless remand this case to the circuit court with directions to reinstate his appeal because, he says, he relied to his detriment on the probate court’s erroneous notification of what was the last day on which he could file a timely notice of appeal. As a result, Boutwell argues, he is entitled to an equitable exception to the 30-day time period for appealing condemnation orders, an exception, he contends, this Court held in Ex parte Tanner, 553 So.2d 598 (Ala.1989), applied when a party has received an erroneous notification from a probate court.
“In Ex parte Tanner, Alabama Power Company filed a petition to condemn land owned by the Tanners. The probate court ‘issued an order on May 8, 1984, confirming the report of the commissioners and condemning the Tanners’ property.’ 553 So.2d at 598. Subsequently, on May 22, 1984, the probate court issued an additional order, confirming the payment of the compensation and damages to which the Tanners’ were entitled. Thereafter, the probate court ‘sent the Tanners a postcard incorrectly notifying them that the court’s order of condemnation was May 22, rather than May 8.’ 553 So.2d at 598. Relying on that notification, the Tanners filed their appeal on June 19, 1984. Because it was filed more than 30 days after May 8, the circuit court dismissed their appeal as untimely.
“The Tanners appealed, arguing that their failure to timely appeal should be excused under Rule 77(d), Ala. R. Civ. P. The Court of Civil Appeals rejected this argument. On certiorari review, this Court reversed the judgment of the Court of Civil Appeals on the basis of equitable estoppel, stating that ‘to deny the Tanners the right to appeal because of the probate court’s erroneous notification would cause an inequitable result.’ 553 So.2d at 599.
“In its brief to this Court, the State argues that Tanner is distinguishable and that Boutwell’s reliance on the probate judge’s representation was misplaced because the probate judge ‘did not have authority to alter the statutory deadline [for filing his appeal].’ We agree.
“Unlike Tanner, which involved a misrepresentation of fact (the date of the making of the order), this case involves an incorrect statement of law (the timeliness of an appeal). ‘ “[E]quitable estop-pel ... must be predicated upon the conduct, language, or the silence of the party against whom it is sought to be invoked. Said conduct, language, or silence must amount to the representation or concealment of a material fact or facts. The representation must be as to *1031 the facts and not as to the law....” ’ State Highway Dep’t v. Headrick Outdoor Adver., Inc., 594 So.2d 1202, 1204-05 (Ala.1992) (quoting First Nat’l Bank of Montgomery v. United States, 176 F.Supp. 768, 772 (M.D.Ala.1959)). Although we are sympathetic to Boutwell’s position, the doctrine of equitable estop-pel cannot operate to excuse his failure to file a timely appeal.”
SEE and WOODALL, JJ., concur.