THOMPSON, Presiding Judge.
 

 On January 16, 2008, Vitaly Morgungen-ko and Lana Morgungenko filed in the trial court an objection to the proposed sale of a purportedly abandoned vehicle by Dwayne’s Body Shop (“Dwayne’s”). Dwayne’s had sought to sell the vehicle at issue pursuant to the Abandoned Motor Vehicle Act (“the Act”), § 32-13-1 et seq., Ala.Code 1975, in order to recover storage fees and the cost of certain repairs it had performed on the vehicle. In their objection, the Morgungenkos indicated that they were the owners of the vehicle at issue and that Dwayne’s had performed repairs on the vehicle that they contended were not authorized.
 

 The trial court scheduled the matter for a hearing. The Morgungenkos then filed a motion seeking permission to file a complaint alleging claims of detinue and conversion. On June 4, 2008, the trial court entered an order allowing the Morgungen-kos to file their complaint but specifying that “the trial of said complaint shall be severed from and heard separately apart
 
 *673
 
 from any hearing which may be held” pertaining to their objection to the sale of the purportedly abandoned vehicle.
 

 Dwayne’s moved to dismiss the Morgun-genkos’ objection and complaint, alleging that the Morgungenkos were not the owners of the vehicle at issue and, therefore, that they lacked standing in this matter. In support of its motion to dismiss, Dwayne’s submitted to the trial court a printout of a document indicating that Yuri Morgungenko was the registered owner of the vehicle.
 

 The trial court conducted an ore tenus hearing. We note that at that hearing Dwayne’s argued and presented evidence regarding the issue whether the Morgun-genkos had standing to assert their claims pertaining to the vehicle.
 

 On July 9, 2008, the trial court entered an order finding the vehicle to be an “abandoned vehicle,” as that term is defined in § 32-13-1, Ala.Code 1975, and ordering that the vehicle be sold at public auction. In its July 9, 2008, order, the trial court also stated that it had made no determination as to whether the storage fees claimed by Dwayne’s were reasonable and that it would conduct a future hearing on that issue if any party requested such a hearing.
 

 The Morgungenkos filed a motion requesting a hearing on the reasonableness of the claimed storage fees and seeking a stay of the sale of the vehicle. Dwayne’s filed what it characterized as a Rule 59, Ala. R. Civ. P., “motion to alter, amend, or vacate the judgment.”
 
 [1]
 
 The trial court scheduled the pending motions for a hearing on August 6, 2008, and it later rescheduled the hearing for September 29, 2008. However, on August 18, 2008, the Morgungenkos filed a notice of appeal. The appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 This court may not reach the merits of the issues raised and argued by the parties to this appeal. The parties have not addressed the issue whether the July 9, 2008, order was a final judgment capable of supporting this appeal. However, jurisdictional issues, such as the finality of a judgment, are of such importance that an appellate court may take notice of them
 
 ex mero motu. Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987). “A final judgment is ‘a terminative decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court.’ ”
 
 Bryant v. Flagstar Enters., Inc.,
 
 717 So.2d 400, 401-02 (Ala.Civ.App.1998) (quoting
 
 Young v. Sandlin,
 
 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (quoting
 
 Ford Motor Co. v. Tunnell,
 
 641 So.2d 1238, 1240 (Ala.1994))).
 

 In this case, the Morgungenkos, in addition to disputing Dwayne’s right to sell the vehicle as an abandoned vehicle under the Act, asserted claims of detinue and conversion against Dwayne’s. The trial court ordered that those tort claims be tried separately from the claim protesting the sale of the vehicle under the Act. Although the trial court used the word “sever” in ordering the separate trials of the claims, there is a clear distinction between severing claims and ordering separate trials on claims.
 

 “ ‘ “Rule 42(b)[, Ala. R. Civ. P.,] allows the court to order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims or issues. The court may do so in furtherance of convenience or to
 
 *674
 
 avoid prejudice, or when separate trials will be conducive to expedition and economy. The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21[, Ala. R. Civ. P.]. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of ‘separate trial’ and ‘severance’ interchangeably.” (Footnotes omitted.)
 

 “
 
 ‘Federal Practice and Procedure: Civil
 
 § 2387 (1971).’ ”
 

 Ex parte Palughi,
 
 494 So.2d 404, 406 (Ala.1986) (quoting
 
 Key v. Robert M. Duke Ins. Agency,
 
 340 So.2d 781, 783 (Ala.1976));
 
 Opinion of the Clerk No. 15,
 
 526 So.2d 584 (Ala.1988) (concluding that when a claim is severed pursuant to Rule 21, Ala. R. Civ. P., a separate filing fee should be paid on that separate action). Further, the label assigned by the parties or by the trial court is not determinative; “ ‘[t]he
 
 substance
 
 of the court’s action, not its
 
 form,
 
 controls.’”
 
 Ex parte Palughi,
 
 494 So.2d at 406 (quoting
 
 Key v. Robert M. Duke Ins. Agency,
 
 340 So.2d at 783).
 

 In this case, the trial court specified that the claims were to be “heard separately”; there is no indication from the record that the action was severed so as to create separate actions, and it does not appear that, given the nature of the Morgungenkos’ claims, severance of the claims into separate actions would be appropriate.
 
 See Ex parte Duncan Constr. Co.,
 
 460 So.2d 852, 854 (Ala.1984) (“ ‘The intent of the rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be.’ ” (quoting
 
 Lasa per L’Industria del Marmo Societa per Azioni v. Alexander,
 
 414 F.2d 143, 147 (6th Cir.1969))). We conclude that the trial court’s order did not “sever” the claims into separate actions but, rather, that it ordered separate trials of the Morgungenkos’ claims.
 
 Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190 (Ala.Civ.App.1999);
 
 see also Ex parte Palughi,
 
 494 So.2d at 406 (“[T]he
 
 substance
 
 of the trial court’s order was to separate issues for separate trials in order to avoid the complexity of multiple issues, and
 
 not
 
 to sever claims and thereby create independent actions.”).
 

 The July 9, 2008, order disposed of only the issue whether the vehicle could be sold as an abandoned vehicle. That order did not address the Morgungenkos’ detinue or conversion claims, and the order specified that the issue of the reasonableness of the storage charges claimed by Dwayne’s would be considered at a future hearing if requested by the parties. Further, we note that in its July 9, 2008, order the trial court did not address Dwayne’s argument concerning whether the Morgungenkos have standing in this matter.
 

 A final judgment capable of supporting an appeal “completely adjudicates all matters in controversy between the parties.”
 
 Wilson v. Glasheen,
 
 801 So.2d 848, 849 (Ala.Civ.App.2001). The July 9, 2008, order did not dispose of all the claims pending between the parties, and, therefore, the order was not sufficiently final to support this appeal. This court must dismiss an appeal from a nonfinal judgment.
 
 Perkins v. Perkins,
 
 875 So.2d 1196, 1198 (Ala.Civ.App.2003);
 
 Wilson v. Glasheen,
 
 supra.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . “[A] Rule 59 motion may be made only in reference to a final judgment or order.” Ma
 
 lone v. Gainey,
 
 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999).