Duncan Construction Co., Inc., petitions for a writ of mandamus directing the Circuit Court of Baldwin County to set aside its order of June 19, 1984, wherein the court severed all third-party claims from the consolidated action pending before it.
 THE FACTS
On June 8, 1981, Bileco, Inc., made an offer to R P Properties for the construction of the Executive House Condominium at Gulf Shores, Alabama, the construction work to be performed by Duncan, a wholly-owned subsidiary of Bileco. On August 25, 1981, Duncan entered into a contract with R P whereby Duncan would construct the Executive House Condominium.
Three lawsuits resulted: 1) On November 22, 1982, Duncan filed its complaint against R P Properties, the individual members of the R P general partnership, the First National Bank of Jefferson Parish (Louisiana), and the owners of the *Page 853 
individual condominium units. The complaint sought payment of monies owed Duncan for construction of the Executive House. This complaint was amended on June 10, 1983, to add as third-party defendants (because of R P's counterclaim against Duncan) Acorn Building Components and Perry A. Hand Engineering and Surveying, Inc. 2) On February 16, 1983, R P filed suit against American States Insurance Company for judgment on the performance bond issued to Duncan by American States. 3) On August 25, 1983, R P sued Bileco, Inc., alleging breach of the contract terms requiring timely construction in a workmanlike manner. Duncan was added as a defendant by amendment.
Upon motion of R P, the three actions were consolidated. In its answer to R P's amended complaint, Duncan enumerated its counterclaims against R P and its claims against Bileco, and added six third-party defendants: Woolward Brothers Plastering Co; Vannerson Company, Inc. (supplier of sliding glass doors); C. Frederick Brave (architect); and Dewey W. White, Norene White, and R.C. Craft, Jr. (owners of and partners with Bileco in the Executive House project).
As grounds for its "Motion to Strike Third Party Complaints or in the Alternative to Sever Same," R P alleged that allowing the third-party complaints to proceed would delay the trial, cause interest expenses and other damages, "unduly complicate an already complex case; make it more difficult for all parties to try the case; make the trial much lengthier; and be more likely to confuse the jury."
A responsive motion, filed by Perry A. Hand Engineering and Surveying, requested the court to either deny R P's motion to strike or to strike all third-party complaints in order to prevent "piecemeal presentation of the various claims for indemnity." Duncan's brief in opposition to R P's motion stated that the striking or severing of the third-party claims "would defeat the purpose of Rule 14" by burdening the parties with two trials and the "substantial risk of incurring inconsistent obligation."
The circuit court's order granting R P's motion states:
 "Upon motion of R P Properties to strike the third-party defendants brought in by Duncan Construction Company, or in the alternative to sever same, the Court has reviewed the entire file and finds that the case will be unduly complicated and very difficult for the jury to comprehend if any third-party defendants are allowed to remain in the case as consolidated; now, therefore,
 "It is hereby ORDERED that all third-party claims brought by any of the parties in this case are hereby severed from the cases heretofore consolidated by order of this Court. The cases as consolidated will proceed to trial when scheduled by the Court."
 THE ISSUE
The sole issue presented to this Court is whether the circuit court's severance action was permissible under Rule 14, A.R.Civ.P. We find that it was not; accordingly, we grant the writ.
An order of severance is the result of a trial court's exercising its discretion in considering a motion to strike, sever, or separate a third-party claim brought under Rule 14. Duncan's petition, therefore, correctly initiates this Court's review in determining whether the circuit court abused its discretion in severing the third-party claims. See G. McLeod,Trial Practice and Procedure in Alabama, Severance or Separate Trials, p. 194 (1983).
Our review, however, may not reach beyond whether the trial court clearly abused its discretion in severing the third-party claims, and, absent a showing of such clear abuse, the trial court's order will not be disturbed. Ex parte GuerdonIndustries, Inc., 373 So.2d 322, 324 (Ala. 1979). We are deliberately judicious in allowing petitions for mandamus, because mandamus is a drastic and extraordinary remedy; and, while it will lie "to compel the exercise of discretion," it may not compel that exercise "in a particular manner except where *Page 854 
there is an abuse of discretion," State v. Cannon,369 So.2d 32, 33 (Ala. 1979), or "when there is a clear showing that the trial court . . . exercised [its discretion] in an arbitrary or capricious manner." Ex parte Hartford Insurance Co.,394 So.2d 933, 936 (Ala. 1981).
Rule 14 authorizes a defending party, such as Duncan, to bring into the pending action a new party who is alleged to be ultimately liable for the claims asserted by the original plaintiff against the defendant. The purpose of this third-party practice (otherwise known as "impleader") is
 "to avoid multiple suits, to allow an entire controversy to be disposed of in one action, thereby saving time and cost and avoiding the serious handicap to the defendant of a time difference between the judgment against him and the judgment in his favor against the party liable over to him. Campbell Contr. Eng'rs, Inc. v. Water Works and Sewer Bd. of the City of Prichard, Ala., Inc., 52 Ala. App. 129, 290 So.2d 194 (1974)." Ozley v. Guthrie, 372 So.2d 860, 861 (Ala. 1979).
The Rule goes on to provide that "any party may move to strike the third-party claim, or for its severance or separate trial." In ruling on a motion to strike or sever, the trial court must weigh the need for one trial involving all issues and parties in furtherance of the stated purpose of the rule against the risk of substantial prejudice to the original parties resulting from an undue complication of issues and evidence because of the addition of the third-party defendants.
When viewed in the light of this "balancing" test, the circuit court's severance order cannot stand. While the order states that the court "finds that the case will be unduly complicated and very difficult for the jury to comprehend" if the third-party claims are allowed, nowhere does the court set out particular facts or findings in support of its conclusion, nor does the record support such a conclusion.
Neither does the court indicate how the presumed complexity of the issues and the jury's difficulty in comprehension will result in hardship or prejudice to any party if the third-party claims are tried with the original actions. Further, a finding of complexity alone does not automatically entitle a party to the severance of third-party claims. "The intent of the rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be." Lasa perL'Industria del Marmo Soc. per Azioni v. Alexander,414 F.2d 143, 147 (6th Cir. 1969).[1]
We find no factual or legal grounds supporting the trial court's conclusions. We are constrained, therefore, to hold that the court's severance of all third-party claims was done in an arbitrary manner and amounts to an abuse of that court's discretion.
Third-party practice, as available under Rule 14, is particularly viable in cases such as this, where the alleged liability of a general contractor has its origin in the defective performance of one or more of the numerous subcontractors or suppliers. Without impleader, a contractor found in breach of the contract and liable for the resulting damages must then initiate one or more actions to determine the liability of the subcontractors and suppliers. The witnesses and evidence presented in these subsequent actions will be substantially identical to those in the first trial, as will the posture of the issues themselves, as well as the factual and legal questions to be resolved.
Indeed, the instant case is an excellent example of a "unitary problem" which the Court has held will normally preclude severance by the trial court. See Robinson v. ComputerServicenters, Inc., 360 So.2d 299, 302 (Ala. 1978), for a case referencing *Page 855 
the "unitary problem" in the context of a Rule 21 severance.
We hold that the trial court's severance of the third-party claims from the consolidated actions was a clear abuse of its discretion and was impermissible under Rule 14, A.R.Civ.P.
WRIT GRANTED.
All the Justices concur except ALMON and SHORES, JJ., not sitting.
[1] "Our Rules of Civil Procedure are based upon, and are strikingly similar to, the Federal Rules of Civil Procedure. Because these two sets of Rules are virtually verbatim, a presumption arises that cases construing the Federal Rules are authority for construction of the Alabama Rules." AssuredInv'rs Life Ins. Co. v. National Union Associates, Inc.,362 So.2d 228, 231 (Ala. 1978).