**ALLSTATE INSURANCE COMPANY, as Subrogee of Russell Davis, Plaintiff,**

v.

**HUGH COLE BUILDER, INC.; Hugh Cole Individually and d/b/a Hugh Cole Builder, Inc., Defendants/ Third–Party Plaintiffs,**

v.

**Coston Plumbing Company and Jenkins Brick Company, Third–Party Defendants.**

No. CIV. A. 98–A–1432–N.

United States District Court, M.D. Alabama, Northern Division.

July 16, 1999.

---

Donald R. Jones, Jr., Balch & Bingham, Montgomery, AL, Mark S. Grotefeld, Brad M. Gordon, Grotefeld & Denenberg, LLC, Chicago, IL, for Allstate Insurance Company.

Michael S. Jackson, Beers Anderson Jackson Nelson Hughes & Patty, PC, Montgomery, AL, for Hugh Cole Builder, Inc.

Christy C. Osborne, Hall, Conerly, Mudd & Bolvig, Birmingham, AL, for Jenkins Brick Company.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This case is before the court on Third–Party Defendant Jenkins Brick Company's Motion to Strike, or in the Alternative, Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings as to Third Party Complaint and Amendment to Third–Party Complaint (File Doc. 32), filed on June 16, 1999. Jenkins contends that the Third–Party Complaint is improper under Federal Rule of Civil Procedure 14(a). Also before the court is ThirdParty Defendant Coston Plumbing Company's Motion for Summary Judgment on the Amended Third–Party Complaint (File Doc. 34), filed on June 18, 1999.

### II. FACTS

This action arises out of a December 22, 1996 fire which caused extensive damage to the home of Russell Davis. In 1996, the Davis family home was constructed at 7143 Wyngrove Drive, Montgomery, Alabama. Hugh Cole Builder, Inc. ("HCB") was the builder and general contractor for the construction. Coston Plumbing Company ("Coston"), as a subcontractor, agreed to install the gas fireplace starter in the fire box of the home. Am. Third–Party Compl. ¶ 2. Jenkins Brick Company ("Jenkins"), another subcontractor, agreed to construct and install the fire box in which the gas fireplace starter was located. *Id.* The Davis family moved into the home in early December of 1996. On December 22, 1996, a fire occurred in the home. The fireplace was the point of origin for the fire. *Id.* ¶ 4.

Pursuant to an insurance policy with Allstate Insurance Company ("Allstate"), Davis made a claim seeking indemnification and reimbursement for damages resulting from the fire. Allstate paid to Davis $718,107.48 for fire-related damage. On December 21, 1998, Allstate, as subrogee of Russell Davis, filed suit in this court against HCB and Hugh Cole, alleging negligence, breach of the implied warranty of habitability, and breach of contract. Allstate seeks to recover the

amount paid to or on behalf of the Davis family for reconstruction of the home, replacement of the contents, and living expenses incurred by the Davis family during the reconstruction.

HCB and Cole subsequently filed a Third–Party Complaint, alleging that Coston and Jenkins (collectively the "Third–Party Defendants") were responsible for any negligent installation, testing, construction, or inspection of the fireplace and gas piping. Coston filed a Motion for Summary Judgment on April 2, 1999, asserting that HCB and Cole cannot pursue an action for contribution or indemnity under the facts of this case. In response to Coston's motion, HCB and Cole filed an Amendment to the Third–Party Complaint.

In their Amended Third–Party Complaint, HCB and Cole allege claims against the Third–Party Defendants for negligence (Count I), breach of implied warranty (Count II), breach of contract (Count III), violation of the Alabama Extended Manufacturers Liability Doctrine (Count IV), and breach of express warranty (Count V). The Amended Third–Party Complaint alleges that, as a result of the Third–Party Defendants' actions, the Defendants/ Third–Party Plaintiffs have been damaged and have been sued for damages. On June 8, 1999, this court entered an Order denying Coston's summary judgment motion as moot because that motion was not directed to the Amended Complaint. The court ordered the Third–Party Defendants to respond to the Amended Complaint by June 18, 1999. In accordance with the court's order, the Third–Party Defendants filed the motions presently before the court.

### III. *DISCUSSION*

■ Third–Party Defendant Jenkins moves to strike the Third–Party Complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. "In evaluating a motion to strike, the court must treat all well pleaded facts as admitted, and cannot consider matters beyond the pleadings." *Carlson*

*Corp./Southeast v. School Bd. of Seminole County,* 778 F.Supp. 518, 519 (M.D.Fla.1991).

Federal Rule of Civil Procedure 14(a) governs the impleader of third-party defendants. Rule 14(a) provides in part, "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). Jenkins contends that HCB and Cole are attempting to state separate and distinct causes of action against a Third–Party, a practice not allowed by Rule 14(a).

■ Addressing Rule 14(a), the Fifth Circuit held that impleader is permitted "only in cases where the Third Party's liability was in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751 (1967).[1] Thus, for impleader to be available, the Third Party must be " 'liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff.' " *Id.* (citation omitted). "[A]n entirely separate and independent claim cannot be maintained against a Third Party under Rule 14, even though it does arise out of the same general set of facts as the main claim." *Id.* A leading treatise on federal practice states as follows:

> [T]he test for joinder of a Third Party under the impleader rule is not transactional. Thus, it differs from the standards for compulsory counterclaims and cross-claims, which are appropriate only if they arise from the same "transaction or occurrence" as the underlying suit. Impleader, in contrast, is narrower. It must involve an attempt to pass on to the Third Party all or part of the liability asserted against the defendant. Thus, it must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff. An impleader claim cannot be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action.

---

1. The United States Court of Appeals for the Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3 *Moore's Federal Practice,* ¶ 14.04(3)(a) (3rd ed.1999)(footnotes omitted)(emphasis in original); *see also City of Orange Beach v. Scottsdale Ins. Co.,* 166 F.R.D. 506, 511 (S.D.Ala. 1996), *aff'd* 113 F.3d 1251 (11th Cir.1997).

 The Third–Party Plaintiffs contend that their claims against the subcontractors are proper under Rule 14(a) because the rule was intended to avoid duplicative litigation, which would result if the Third–Party Defendants were dismissed from this action. In support, they cite an Alabama Supreme Court opinion wherein the court stated:

> Third-party practice, as available under Rule 14, is particularly viable in cases such as this, where the alleged liability of a general contractor has its origin in the defective performance of one or more of the numerous subcontractors or suppliers. Without impleader, a contractor found in breach of the contract and liable for the resulting damages must then initiate one or more actions to determine the liability of the subcontractors and suppliers. The witnesses and evidence presented in these subsequent actions will be substantially identical to those in the first trial, as will the posture of the issues themselves, as well as the factual and legal questions to be resolved.

*Ex Parte Duncan Construction Co.,* 460 So.2d 852, 854 (Ala.1984). That case, however, involved an order severing the third-party complaints for trial on the basis that "the case will be unduly complicated and very difficult for the jury to comprehend if any third-party defendants are allowed to remain in the case." *Id.* at 853. There was no contention that the third-party claims were inappropriate under Rule 14, as the third-party plaintiff was asserting indemnity claims. *See id.* Instead, the Alabama Supreme Court addressed whether the trial court abused its discretion by choosing to sever valid third-party claims under Rule 14.

Contending that impleader would avoid duplicative litigation does not relieve the Third–Party Plaintiffs of the essential requirements of Rule 14. HCB and Cole have not asserted any right to contribution or indemnification in their Amended Complaint. They do not assert derivative liability on the part of the Third–Party Defendants. In their Response in Opposition to Jenkins' Motion, the Third–Party Plaintiffs vigorously assert that they are not seeking contribution or indemnification. *See* Defendants/Third–Party Plaintiffs Response in Opposition (File Doc. 36) at 4–5. The Third–Party Plaintiffs state, "Cole has not sought contribution from Jenkins. Rather, Cole has asserted claims against Jenkins which arise out of the same transaction or circumstances giving rise to the Plaintiff's claim against Cole." *Id.* at 5. As noted above, the transactional test does not apply to claims brought under Rule 14.

Because the Third–Party Plaintiffs attempt to assert separate and independent claims and do not assert derivative liability on the part of the Third–Party Defendants, they cannot bring their claims against the subcontractors in the present action under Rule 14(a). Accordingly, Jenkins' Motion to Strike the Third–Party Complaint is due to be granted. For the same reason, the claims against Third–Party Defendant Coston are due to be dismissed. In reaching this conclusion, the court does not address the other grounds for dismissal or summary judgment raised by the Third–Party Defendants, namely that the Third–Party Plaintiffs' claims are in substance impermissible claims for contribution or indemnity or that the claims are barred by the applicable statutes of limitation. The Third–Party Defendants are free to assert those defenses in the event that HCB and Cole choose to pursue a separate action against them.

## IV. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. Third–Party Defendant Jenkins Brick Company's Motion to Strike the Third–Party Complaint and Amendment to Third–Party Complaint is GRANTED, and the Third–Party Complaint is DISMISSED without prejudice as to Jenkins Brick Company.

2. The Third–Party Complaint is DISMISSED without prejudice as to Coston Plumbing Company.

3. Third–Party Defendant Coston Plumbing Company's Motion for Summary Judg-

ment is DENIED without prejudice, so that Coston may raise the grounds asserted therein in any subsequent litigation.