[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 962 
Stacia Lynn P. Wilson sued Athens-Limestone Hospital ("the Hospital") and Dr. Bibi Teng, a pediatrician who was employed by the Hospital, in 1996 alleging medical malpractice, wrongful death, and emotional distress resulting from the death of her minor child, Starsha L. Wilson. In 1999, the trial court entered a summary judgment in favor of Dr. Teng. Wilson appealed to this Court, and we reversed the summary judgment and remanded the case. Wilson v. Teng, 786 So.2d 485 (Ala. 2000). On July 29, 2002, shortly before trial in the case was scheduled to begin, the trial court entered a summary judgment for the Hospital on all claims except the medical-malpractice claim based on the acts or omissions of Dr. Teng. On August 5, 2002, the first day of trial, Wilson moved for Dr. Teng to be dismissed as a party, without prejudice. The trial court granted the motion. The Hospital then immediately served on Dr. Teng's counsel a third-party complaint against Dr. Teng seeking indemnification and filed a motion with the trial court for leave to file the third-party complaint. Dr. Teng's counsel accepted service of the complaint and informed the trial court that Dr. Teng was prepared for trial.
Wilson objected to the third-party complaint, and the trial court continued the trial in order to consider whether the Hospital's third-party complaint against Dr. Teng should be allowed. The trial court granted the Hospital leave to file the third-party complaint against Dr. Teng,[1] but severed the indemnity claim from Wilson's vicarious-liability claim against the Hospital. The order states:
 "Ordered, Defendant, Athens-Limestone Hospital's, Motion for Leave to File Third-Party Complaint is granted. Defendant, Athens-Limestone Hospital's, third-party complaint vs. Dr. Bibi L. Teng is ordered severed from plaintiff's medical malpractice claim against Athens-Limestone Hospital. The medical malpractice trial is continued until 12/9/02 at 9:00 A.M."
On August 23, 2002, the Hospital filed a motion to vacate the order severing its third-party claim. The trial court denied the motion, and the Hospital and Dr. Teng petitioned this Court for a writ of mandamus directing the trial court to vacate its order severing the Hospital's third-party indemnity claim. We grant the petition and issue the writ.
"A writ of mandamus is a *Page 963 
 "`drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.'"
Ex parte Wood, 852 So.2d 705 (Ala. 2002) (quoting Ex parte United Serv.Stations, Inc., 628 So.2d 501, 503 (Ala. 1993)). The sole issue before us is whether the trial court erred in severing the Hospital's third-party claim against Dr. Teng from Wilson's claim against the Hospital. A trial court has discretion in deciding whether to sever a third-party claim under Rule 14, Ala.R.Civ.P., and we will not overturn the trial court's order unless the court exceeded the permissible limits of its discretion. See Ex parte R.B. Ethridge Assocs., Inc., 494 So.2d 54
(Ala. 1986).
This Court has reviewed at least three petitions for the writ of mandamus where the issue was whether a third-party claim should be tried separately. See Ex parte Palughi, 494 So.2d 404 (Ala. 1986); R.B.Ethridge Assocs., Inc.; Ex parte Duncan Constr. Co., 460 So.2d 852
(Ala. 1984). Twice, this Court granted the petitions and held that the trial court had exceeded the permissible limits of its discretion in separating or severing the third-party claim from the original action.[2]Palughi, 494 So.2d at 405; Duncan Construction, 460 So.2d at 854. This Court stated:
 "In ruling on a motion to strike or sever, the trial court must weigh the need for one trial involving all issues and parties in furtherance of the stated purpose of the rule against the risk of substantial prejudice to the original parties resulting from an undue complication of issues and evidence because of the addition of the third-party defendants."
Duncan Construction, 460 So.2d at 854. In both Palughi and DuncanConstruction, this Court determined that the trial court had exceeded the permissible limits of its discretion in determining that the third-party claims would unduly complicate the issues and evidence as to the original parties. 494 So.2d at 406; 460 So.2d at 854. As this Court stated inDuncan Construction, the record did not "support such a conclusion," and the trial court did not show that the original parties to the action would be prejudiced if the third-party claim was tried with the original action. 460 So.2d at 854. This Court also noted that the "finding of complexity alone does not automatically entitle a party to the severance of third-party claims." Duncan Construction, 460 So.2d at 854.
The purpose of third-party practice under Rule 14, Ala.R.Civ.P., is
 "`to avoid multiple suits, to allow an entire controversy to be disposed of in one action, thereby saving time and cost and avoiding the serious handicap to the defendant of a time difference between the judgment against him and the judgment in his favor against the party liable over to him.'"
Duncan Construction, 460 So.2d at 854 (quoting Ozley v. Guthrie,372 So.2d 860, 861 (Ala. 1979)); Committee Comments on 1973 Adoption, Rule 14, Ala.R.Civ.P. The Hospital's third-party claim against Dr. Teng clearly falls within the purpose of Rule 14 as described above, and this purpose must be served unless the issues involved in the Hospital's third-party *Page 964 
indemnity claim would "unduly complicate" the original action, resulting in prejudice toward Wilson's medical-malpractice claim. See DuncanConstruction, 460 So.2d at 854.
The Hospital states in its petition that "Rule 14 was written for the situation presented here" and argues that "the indemnity claim in this case would not require proof of a single additional fact." We agree. If the Hospital is found liable on Wilson's medical-malpractice claim, it will be because the jury determined that Dr. Teng breached the standard of care in treating Wilson's daughter. The evidence Wilson would be required to adduce in order to prove liability on the part of the Hospital is the same evidence the Hospital would be required to present in its third-party indemnity claim against Dr. Teng. Consequently, the issues that would be brought into Wilson's medical-malpractice claim against the Hospital by the inclusion of the Hospital's third-party indemnity claim are not so complex as to warrant severance of that claim or a separate trial.
Wilson argues that the Hospital's indemnity claim against Dr. Teng arises out of Dr. Teng's employment contract, which contains a section entitled "Insurance and Indemnification." Wilson contends that the Hospital would have to explore this section in trying its third-party claim against Dr. Teng. Wilson argues that such a discussion would be irrelevant to her medical-malpractice claim against the Hospital and that it would unduly complicate and prejudice her claim.
The "Insurance and Indemnification" section of Dr. Teng's employment contract provides that the Hospital would pay Dr. Teng's malpractice insurance as a fringe benefit of Dr. Teng's employment by the Hospital. Wilson contends in her brief that the trial court "was obviously concerned with the prejudice that would be caused by introducing the relevant portion of the Hospital and Dr. Teng's indemnity agreement to the jury, as the agreement makes reference to malpractice insurance." We note, however, that neither the trial court's order severing the Hospital's third-party claim nor the record reflects that the trial court harbored such a concern.
Even if the contract had been a concern of the trial court, the "Insurance and Indemnification" section is irrelevant to the Hospital's indemnity claim against Dr. Teng; it would, therefore, be inadmissible. The relevant section of the agreement states:
 "A. Hospital shall, on behalf of Physician, if reasonably available from commercial carriers, maintain public liability and professional malpractice insurance in the amount of [space left blank] for each occurrence. This amount may represent coverage in any combination of primary and excess amounts, and Physician shall provide the Hospital with a certificate of insurance as evidence that this coverage has been obtained. In addition, such policy shall provide the Hospital with a certificate of insurance as evidence that this coverage has been obtained. In addition, such policy shall provide for at least thirty (30) days['] written notice to the Hospital before any alteration of the policy may take effect. As long as the Physician remains an employee of the Hospital, Hospital shall provide payment for the public liability and professional malpractice insurance premiums. In the event Physician is uninsurable, through normal commercial carriers, this Agreement shall terminate immediately.
 "B. Nothing in this section shall relieve the Hospital from liability proximately caused by the employees of the Hospital in the normal course of their duties."
Despite the reference to "Indemnification" in the title of the section, nothing *Page 965 
in the body of the section addresses indemnification as that term is used in the context of the claim asserted pursuant to Rule 14 in this action. A master is entitled to recover from his servant damages the master has been required to pay by reason of the negligence of his servant. AmericanSouthern Ins. Co. v. Dime Taxi Serv., Inc., 275 Ala. 51, 151 So.2d 783
(Ala. 1963). Wilson's claim that the Hospital was vicariously liable based on the acts or omissions of Dr. Teng was the only claim that survived the summary judgment. No showing is made that the joinder is a sham based on evidence that Dr. Teng is incapable of paying any judgment that might be rendered against her.
Wilson also argues that the Hospital's indemnity claim is not ripe and that there is no justiciable controversy for the trial court to decide regarding the Hospital's claim against Dr. Teng. Those arguments are without merit. The plain language of Rule 14 discounts Wilson's argument that the Hospital's indemnity claim is not ripe for consideration. Rule 14 was designed for third-party claims like the Hospital's, because it provides for impleader of "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Rule 14, Ala.R.Civ.P. See also Committee Comments on 1973 Adoption to Rule 14 ("But where there is a substantive right over, Rule 14 does permit acceleration of liability by allowing the original defendant to implead a third-party claimed to be liable over to him, although there may be noliability to the original defendant unless and until the originaldefendant is held liable to the original plaintiff.") (emphasis added).
Wilson also contends that "there is no issue for the Court to decide in this case under the third party complaint," because Dr. Teng's counsel "admitted . . . that there was no issue regarding her purported duty to indemnify the hospital."[3] However, Rule 14 makes clear that a third-party claim is not precluded simply because an indemnitor has acknowledged a duty to indemnify. Rule 14(a), Ala.R.Civ.P. ("The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim."). Finally, Wilson's contention that "there is no controversy regarding the issue of indemnification" because the "Insurance and Indemnification" section of Dr. Teng's contract with the Hospital sets out "the obligations of each party under the circumstances that arise in this case" is unpersuasive; the section contains no reference to obligations regarding a duty to indemnify by Dr. Teng.
In light of the foregoing, we hold that the trial court exceeded the permissible limits of its discretion when it severed the Hospital's third-party complaint against Dr. Teng. We direct the court to vacate its order severing the Hospital's third-party complaint from Wilson's medical-malpractice action against the Hospital.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents.
[1] The Hospital did not file the third-party complaint with the trial court until October, 15, 2002.
[2] This Court denied the petition in R.B. Ethridge Associates,Inc., which arose in the context of a complex construction case, stating that the trial court had "sufficient grounds" to separate the petitioner's third-party claim from the original action. 494 So.2d at 58.
[3] Dr. Teng's counsel counters that Dr. Teng "did not `stipulate' to liability under the third-party indemnity claim" and that the record reflects that Dr. Teng "did not waive any defenses she may have to the third-party indemnity claim." *Page 966