BOLIN, Justice
(dissenting).
I respectfully dissent from the main opinion. It is clear from the record that the trial court dismissed the third-party complaint filed by Century 21 Paramount Real Estate, Inc. (“Paramount”), as well as the cross-claims stemming from the third-party complaint, because the third-party defendants were improperly joined. Rule 14(a), Ala. R. Civ. P., allows a defending party such as Paramount to bring into the original action a nonparty who is or may be liable to the defending party for all or part of the plaintiffs original claims against the defending party. Specifically, Rule 14(a), Ala. R. Civ. P., provides:
“At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff’s claims against the third-party plaintiff.”
After Stacy Williams Jordan sued Paramount to recover real-estate commissions she alleges were due under her employment agreement with Paramount, Paramount filed a counterclaim against Jordan and a third-party complaint against Cleveland Brothers, William A. Cleveland, Hometown Realty, LLC, and each of the builders. The pertinent part of the complaint states:
“COUNTERCLAIM and THIRD-PARTY COMPLAINT
“Comes now the Counterclaim Plaintiff and Third-Party Plaintiff, Century 21 Paramount Real Estate, Inc. (hereinafter ‘Paramount’) and files this counterclaim against Stacy Williams Jordan and this third-party complaint against Hometown Realty, LLC, Michael Allen Homes, Inc., Wayne Gentry Builder, Inc., Polo Construction Company, LLC, Allin & Associates, Inc., Chris Jordan, William A. Cleveland and Cleveland Brothers, Inc.”
(Capitalization in original.)
It is undisputed that Paramount’s third-party complaint does not assert a right of indemnity for any sums Paramount might be forced to pay Jordan. Even assuming Paramount did assert a right of indemnity, the third-party claims are not derivative claims. The third-party claims asserted by Paramount against the third-party defendants are based upon different theories of law than those asserted by Jordan in the original action against Paramount. Specifically, the third-party claims asserted by Paramount against the third-party defendants are based upon separate written instruments. Jordan sued Paramount, to recover real-estate commissions through the enforcement of her employment agree *665 ment. Paramount, on the other hand, sued the third-party defendants, seeking enforcement of the contracts between Cleveland Brothers and the various builders. There is simply no way the third-party defendants here can be held liable secondarily to Paramount in the event Jordan recovers real-estate commissions from Paramount. Because the employment agreement between Paramount and Jordan and the contracts between Cleveland Brothers and the builders are separate and distinct agreements, Paramount cannot bring its action under Rule 14(a), Ala. R. Civ. P. See Allstate Ins. Co. v. Hugh Cole Builder, Inc., 187 F.R.D. 671, 674 (M.D.Ala.1999)(“Beeause [Paramount] attempts to assert separate and independent claims and [does] not assert derivative liability on the part of the Third-Party Defendants, [Paramount] cannot bring [its] claims against [the third-party defendants] in the present action under Rule 14(a)[, Fed.R.Civ.P.].”).
Following the trial court’s hearing on the third-party defendants’ motion to dismiss, Paramount filed a “response to motion to dismiss third-party defendants,” apparently requesting for the first time that the trial court exercise its authority under Rule 20(b), Ala. R. Civ. P., and order a separate trial of the claims it had brought against the third-party defendants. Specifically, Paramount asserted that the language in its initial complaint joining the third-party defendants was merely nomenclature and that the third-party defendants had been properly joined by virtue of the counterclaim Paramount had asserted against Jordan. For a better understanding of Paramount’s argument, I quote the pertinent part of its motion:
“At the September 27 hearing, [the third-party defendants] argued that dismissal of the third-party claim against them was proper because they could not be adjudged liable to [Paramount] for all or part of the claim asserted by [Jordan] against [Paramount] as is required by Rule 14 of the Alabama Rules of Civil Procedure. However, because the claims asserted against [the third-party defendants] unquestionably arise out of ‘the same transaction, occurrence, or series of transactions or occurrences and ... [a] question of law or fact common to [the counterclaim asserted against Jordan by [Paramount] and the claims asserted by [Paramount] against [the third-party defendants] ] will arise in the action,’ [Paramount] clearly acted in accordance with the provisions of Rule 20(a) of the Alabama Rules of Civil Procedure by joining [the third-party defendants] as parties to the counterclaim asserted by [Paramount] against Jordan. That [the third-party defendants] might not technically be ‘third-party defendants’ as that term is used in Rule 14 ... does not matter. As the Supreme Court has recognized, what is controlling is the substance of the pleading, not the label attached to it by a party....
“While [Paramount] believes strongly that this single action should be allowed to proceed against both Jordan [as well as the third-party defendants] and other parties joined to the counterclaim asserted against Jordan by [Paramount], [Paramount] requests that this court exercise its authonty under Rule 20(b) of the Alabama Rules of Civil Procedure to order a separate trial of the claims asserted by [Paramount] against [the third-party defendants] joined to the counterclaim asserted by [Paramount] against Jordan. By taking such a course of action rather than dismissing what is clearly a proper claim, this court will avoid penalizing [Paramount] by subjecting it to a possible statute of limitations defense which otherwise *666 could not have been asserted against it....”
(Emphasis added.)
Paramount asserts this same argument in its brief on appeal. As noted previously, it does not appear that Paramount made this argument during the hearing on the motions to dismiss the third-party complaint. Paramount seemingly believes that because it filed a compulsory counterclaim against Jordan pursuant to Rule 13(h), Ala. R. Civ. P., the third-party defendants were automatically joined as parties to that counterclaim in accordance with Rule 20(a), Ala. R. Civ. P. The only related authority cited by Paramount in its brief on appeal is Ex parte Turpin Vise Insurance Agency, Inc., 705 So.2d 368, 371 (Ala.1997). Paramount cites Ex parte Turpin Vise for the proposition that its claims against the third-party defendants are proper because they arise out of the same series of transactions or occurrences as the original action and that “ ‘there is no absolute rule for determining what constitutes “a series of transactions or occurrences” [under Rule 20]. Generally, that is determined on a case by case basis and is left to the discretion of the trial judge.’ ” 705 So.2d at 371 (quoting Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987)). However, Paramount, in relying on this case, seemingly ignores the fact that it had already served the third-party defendants with a third-party complaint, requiring the third-party defendants to defend that complaint by establishing that they were not secondarily liable to Paramount in the event Paramount was liable to Jordan. The defense to a third-party complaint is not the same defense a defendant would make if joined as an additional defendant to a counterclaim. Certainly Paramount should have realized this fact when the parties filed their answers, stated their defenses, and moved to dismiss the third-party complaint. Paramount cites no authority to demonstrate that the trial court could recharacterize the third-party claims as compulsory counterclaims or that the third-party defendants could be joined under both Rule 14(a), Ala. R. Civ. P., and Rule 13(h), Ala. R. Civ. P. Joinder under these rules is separate and unique.
As previously quoted, Rule 14, Ala. R. Civ. P., provides, in pertinent part:
“(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiffs claims against the third-party plaintiff.”
(Emphasis added.)
Rule 13(h), Ala. R. Civ. P., provides:
“(h) Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19 and 20.”
Rule 20, Ala. R. Civ. P., provides, in pertinent part:
“(a) Permissive Joinder.... All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.... ”
In Allstate Insurance Co. v. Hugh Cole Builder, Inc., supra, the United States District Court for the Middle District of Alabama, discussing the distinction between joinder under Rule 14 and Rule 13 *667 of the Federal Rules of Civil Procedure, wrote:
“Addressing Rule 14(a), the Fifth Circuit held that impleader is permitted ‘only in cases where the Third Party’s liability was in some way derivative of the outcome of the main claim.’ United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (1967). Thus, for impleader to be available, the Third Party must be ‘ “liable secondarily to the original defendant in the event that the latter is held hable to the plaintiff.” ’ Id. (citation omitted). ‘[A]n entirely separate and independent claim cannot be maintained against a Third Party under Rule U, even though it does arise out of the same general set of facts as the main claim.’ Id. ...
“‘[T]he test for joinder of a Third Party under the impleader rule is not transactional. Thus, it differs from the standards [under Rule 13(a) ] [for] compulsory counterclaims and cross-claims, which are appropriate only if they arise from the same “transaction or occurrence” as the underlying suit. Impleader, in contrast, is narrower. It must involve an attempt to pass on to the Third Party all or part of the liability asserted against the defendant. Thus, it must be an assertion of the third-party defendant’s derivative liability to the third-party plaintiff. An impleader claim cannot be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action..’ ”
187 F.R.D. at 673 (final emphasis added; footnote omitted).
In this case, Paramount sought recovery in a third-party complaint. Paramount recognized late in the game, however, i.e., apparently after the hearing on the motion to dismiss the third-party complaint, that it had used the wrong procedural vehicle to join the third-party defendants. Paramount’s after-the-fact attempt to recharac-terize the third-party claims as compulsory counterclaims should not be allowed.
Based on the foregoing, I do not believe the trial court exceeded its discretion in dismissing the third-party complaint and all cross-claims stemming from the third-party complaint. Therefore, I dissent.
STUART, SMITH, and SHAW, JJ., concur.