SHAW, Justice
(concurring specially).
I concur. The caselaw cited in the main opinion indicates that any issue of “ripeness” regarding the indemnification claim asserted by FMR Corp. n/k/a FMR LLC, Fidelity Management Trust Company, and Fidelity Brokerage Services LLC (hereinafter referred to collectively as “Fidelity”) against Elizabeth Ann Howard n/k/a Elizabeth Ann Hart is to be determined by the arbitrator. A determination of ripeness is part of the legal dispute between the parties. Normally, the trial court must determine whether a case is ripe; here, the parties have agreed that that matter—as part of “[a]U controversies” between the parties—must instead be determined by arbitration.
Further, I note that, generally, an indemnification claim is ripe for consideration even if the indemnitee has not yet been held liable for a claim that the indem-nitor might be required to pay. In Ex parte Athens-Limestone Hospital, 858 So.2d 960 (Ala. 2003), the defendant, a hospital, sought to assert an indemnity claim against its employee, Dr. Teng, who had allegedly injured the plaintiff, Wilson. Wilson objected to the assertion of the indemnity claim, arguing that the claim was not ripe because the hospital had not yet been found liable to Wilson. This Court stated:
“Wilson also argues that the Hospital's indemnity claim is not ripe and that there is no justiciable controversy for the trial court to decide regarding the Hospital’s [indemnity] claim against Dr. Teng. Those arguments are without merit. The plain language of Rule 14[, Ala. R. Civ. P.,1 discounts Wilson’s argument that the Hospital’s indemnity claim is not ripe for consideration. Rule 14 was designed for third-party claims like the Hospital’s, because it provides for im-pleader of ‘a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiffs claim against the third-party plaintiff.’ Rule 14, Ala. R. Civ. P. See also Committee Comments on 1973 Adoption to Rule 14 (‘But where there is a substantive right over, Rule 14 does permit acceleration of liability by allowing the original defendant to implead a third-party claimed to be liable over to him, although there may be no liability to the original defendant unless and until the original defendant is held liable to the original plaintiff.’) (emphasis added).”
858 So.2d at 965. Thus, although Fidelity has not been held liable to Hart’s stepchildren for damages, Fidelity’s claim alleging that Hart would be required to indemnify Fidelity for any such damages cannot be said to be unripe.